# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, N.W., Suite 800<br>Washington, D.C. 20006,<br><br>      Plaintiff,<br><br>      v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530,<br><br>      Defendant. | Civil Action No. 18-2126 |

## COMPLAINT

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to agency records maintained by Defendant Department of Justice ("DOJ") by and through its various components, including the Office of the Inspector General ("OIG"), the Office of Information Policy ("OIP"), the Office of the Attorney General ("OAG"), the Office of Legislative Affairs ("OLA"), and the Office of Public Affairs ("PAO").

2. There are three FOIA requests at issue in this case, none of which has received a timely determination from the DOJ. The records at issue concern efforts by Defendant to inform Congress about the unauthorized disclosure of taxpayer information by the Internal Revenue Service ("IRS") to the DOJ Public Integrity Section and the Federal Bureau of Investigation ("FBI"). *See generally* Ryan P. Mulvey, *The Forgotten 21 Disks: The IRS's Unlawful Disclosure of Taxpayer Data to DOJ & FBI*, CoA Inst. (Nov. 9, 2017), http://coainst.org/2jeqots.

## JURISDICTION AND VENUE

3. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5. Plaintiff CoA Institute is a 501(c)(3) non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. CoA Institute regularly requests access under the FOIA to the public records of federal agencies, entities, and offices—including various DOJ components—and disseminates its findings, analysis, and commentary to the public.

6. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). The DOJ, by and through its various components, has possession, custody, and/or control of records to which CoA Institute seeks access and that are the subject of this Complaint.

## FACTS

### A. CoA Institute's Request for Investigation and Defendant's Reply

7. By letter, dated June 29, 2016, CoA Institute requested that the DOJ OIG and the Treasury Inspector General for Tax Administration ("TIGTA") open an investigation into "whether IRS employees violated the law by disclosing more than a million pages of confidential information on tax-exempt groups to the FBI and DOJ's Public Integrity Section." Press Release, CoA Inst., Cause of Action Institute Calls for Investigation into Massive Disclosure of IRS Taxpayer Information to DOJ, FBI (June 29, 2016), *available at* http://bit.ly/2p4aJva.

8. CoA Institute's request for investigation was prompted by the disclosure of government records evidencing the IRS's lack of proper authorization under Section 6103 of the

Internal Revenue Code to release the return information at issue. These confidential "raw" data, which were transferred to DOJ in October 2010, totaled 1.1 million pages and were contained on twenty-one (21) computer disks. *See, e.g.*, Letter from CoA Inst. to Michael E. Horowitz, Office of Inspector Gen., Dep't of Justice, & J. Russell George, Treasury Inspector Gen. for Tax Admin., at 2–3 (June 29, 2016), *available at* http://bit.ly/2gSqD9o.

9. The DOJ OIG responded to CoA Institute's request for investigation by letter, dated October 12, 2016, and confirmed that "[b]ased upon [its] initial inquiries, it appears that some protected taxpayer information was included on compact discs (CDs) that the IRS provided to the Department in response to a Department request." Ex. 1 at 1. That letter also stated that, "when the Department learned of this, it returned the CDs to the IRS and informed Congress about it." *Id.*; *see also* Press Release, CoA Inst., DOJ Watchdog Confirms Massive IRS Taxpayer Data Breach, Dismisses Request for Investigation (Oct. 20, 2016), *available at* http://bit.ly/2yUJyeg; *see generally* Allyson Versprille, *Denial of Probe Into IRS Disclosure 'Alarming,' Group Says*, Bloomberg BNA, Oct. 21, 2016, http://bit.ly/2hRXsTH.

10. TIGTA responded to CoA Institute's request for investigation in a separate letter, dated December 19, 2016, and claimed it could not provide any further information about the outcome of its review because such information was itself confidential taxpayer information protected by Section 6103. Letter from J. Russell George, Inspector Gen., Dep't of Treasury, to CoA Inst. at 1–2 (Dec. 19, 2016), *available at* http://coainst.org/2z3qvP6; *see also* Press Release, CoA Inst., IRS Watchdog Shield Records on Breach of Confidential Taxpayer Information (Jan. 5, 2017), *available at* http://coainst.org/2yL893O.

### B. The October 19, 2016 DOJ OIG Request

11. Following the DOJ OIG's response, CoA Institute submitted a FOIA request to the agency, dated October 19, 2016, seeking access to "all records concerning DOJ-OIG's communications with Congress about the [IRS's] disclosure of taxpayer information, including any correspondence with members of Congress, their personal staffs, or the staff of any Congressional committee." Ex. 2 at 1.

12. For purposes of its request, CoA Institute defined the term "record" as "the entirety of the record any portion of which contains responsive information." *Id.* at 1 n.5 (citation omitted).

13. CoA Institute also requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.* at 2–3.

14. The DOJ OIG received CoA Institute's FOIA request on October 19, 2016 and assigned it tracking number 17-OIG-027. Ex. 3. When acknowledging receipt of the request, the agency failed to issue a determination on CoA Institute's request for a public interest fee waiver; it also failed to issue a clear fee category determination, instead indicating that "fees may be charged[.]" *Id.* The agency stated that, "if fees are required, [it] w[ould] notify [CoA Institute] beforehand." *Id.*

15. Over the course of the past twenty-two months, despite repeated attempts to contact the agency, the DOJ OIG has provided only two updates to CoA Institute on the processing of the October 19, 2016 FOIA request. In each instance, the agency referenced its "backlog" and failed to provide an estimated date of completion.

16. To date, the DOJ OIG has failed to issue a final determination on or to produce any records in response to the October 19, 2016 FOIA request.

    **C.**    **The October 24, 2017 DOJ OIG Request**

17. By letter, dated October 24, 2017, CoA Institute submitted a second FOIA request to the DOJ OIG seeking two categories of records: (a) "[a]ll communications between the 'Department' and 'Congress' [as] described in the DOJ-OIG's October 12, 2016 letter," and (b) "[a]ll records pertaining to the processing of CoA Institute's October 19, 2016 FOIA request[.]" Ex. 4 at 2.

18. For purposes of its request, CoA Institute once again defined the term "record" as "the entirety of the record any portion of which contains responsive information." *Id.* at 1 n.5 (citation omitted).

19. CoA Institute also requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.* at 2–3.

20. By letter, dated November 9, 2017, the DOJ OIG acknowledged that it had received CoA Institute's FOIA request on October 24, 2017 and assigned it tracking number 18-OIG-029. Ex. 5. As with the first FOIA request, the agency failed to issue a determination on CoA Institute's request for a public interest fee waiver and failed to issue a clear fee category determination, instead indicating only that "fees may be charged[.]" *Id.* The agency further stated that, "if fees are required, [it] w[ould] notify [CoA Institute] beforehand." *Id.*

21. Since acknowledging receipt of the October 24, 2017 FOIA request, the DOJ OIG has never replied to CoA Institute's multiple efforts to obtain an update on the processing of that request. To date, The DOJ OIG has failed to issue a final determination on or to produce any records in response to the October 24, 2017 request.

### D. The October 24, 2017 OIP Request

22. In conjunction with its second request to the DOJ OIG, CoA Institute submitted a FOIA request to OIP by letter, dated October 24, 2017. Ex 6. That request similarly sought access to "all communications between the DOJ and Congress concerning the IRS's disclosure (and the DOJ's inspection) of taxpayer information, as described in the DOJ-OIG's October 12, 2016 letter." *Id* at 1. CoA Institute noted that responsive records "may be in the custody of multiple DOJ components, including, but not limited to" OAG, OLA, and PAO. *Id.* at 1. CoA Institute further requested, "[t]o the extent any responsive records are controlled by a [DOJ] component whose FOIA management is not undertaken by [OIP]," that OIP "refer the relevant portion of CoA Institute's request to the proper DOJ component." *Id.* at 1 n.5; *see generally* 28 C.F.R. § 16.4.

23. For purposes of its request, CoA Institute defined the term "record" as "the entirety of the record any portion of which contains responsive information." Ex. 6 at 1 n.4 (citation omitted).

24. CoA Institute also requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.* at 2–3.

25. By letter, dated November 22, 2017, OIP acknowledged that it had received CoA Institute's FOIA request on October 24, 2017 and assigned it three tracking numbers: DOJ-2018-000370 (AG); DOJ-2018-001084 (OLA); and DOJ-2018-001086 (PAO). Ex. 7 at 1. OIP also stated that CoA Institute's request "falls within unusual circumstances" because of the need for "a search in and/or consultation with another Office[.]" *Id.* The agency thereby extended its response deadline and assigned CoA Institute's request to its "complex" processing queue. *Id.*

26. OIP failed to issue any determinations on CoA Institute's fee-related requests. *Id.*

6

27.     To date, OIP has failed to provide any further update on the processing of the request and has not issued a final determination or produced any responsive records.

## COUNT I
### Violation of the FOIA: Failure to Comply with Statutory Requirements

28.     CoA Institute repeats all of the above paragraphs.

29.     The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]"  5 U.S.C. § 552(a)(3)(A).

30.     The FOIA also requires an agency to respond to valid requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. *Id.* § 552(a)(6)(A)–(B).  If an agency requires additional time to process a request, the FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]"  *Id.* § 552(a)(6)(B)(ii).

31.     The three FOIA requests at issue in this case seek access to agency records maintained by Defendant, reasonably describe the records sought, and otherwise comply with the FOIA and applicable DOJ regulations.

32.     Defendant has failed to issue a determination on or produce any records responsive to the three FOIA requests at issue within the applicable FOIA time limits.

33.     Defendant also failed to comply with the FOIA in that it never "arrange[d] . . . an alternative time frame" for responding to CoA Institute's FOIA requests, has not issued any estimated dates of completion, has not invited CoA Institute to negotiate "alternative" response dates for its requests, and has not sought clarification on the scope of the requests.

34.     CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C) with respect to all three FOIA requests at issue.

## **RELIEF REQUESTED**

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a.  Order Defendant DOJ to process CoA Institute's FOIA requests and issue final determinations within twenty (20) business days of the date of the Order;

b.  Order Defendant DOJ to produce all responsive records promptly upon issuing its final determinations;

c.  Maintain jurisdiction over this case until Defendant DOJ complies with the Order and, if applicable, adequately justifies its treatment of all responsive records;

d.  Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

e.  Grant such other relief as the Court may deem just and proper.

Dated: September 13, 2018                Respectfully submitted,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
D.C. Bar No. 1024362
Lee A. Steven
D.C. Bar No. 468543

CAUSE OF ACTION INSTITUTE
1875 Eye Street, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
ryan.mulvey@causeofaction.org
lee.steven@causeofaction.org

*Counsel for Plaintiff CoA Institute*